The PEOPLE of the State of Colorado, Complainant,

v.

Robert S. SOUTHERN, Attorney-Respondent.

No. 81SA525.

Supreme Court of Colorado, En Banc.

Jan. 4, 1982.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Robert S. Southern, pro se.

ERICKSON, Justice.

Respondent, Robert S. Southern, after disciplinary proceedings were commenced, entered into a stipulation and offered to surrender his license for six months subject to the explicit condition that his license will not be automatically returned to him at the

expiration of six months, but will only be reissued to him after full compliance with Rule 253, C.R.C.P. We approve the recommendation of the Grievance Committee and accept the surrender of the respondent's license pursuant to the terms of the stipulation and order that the license be surrendered to the Clerk of the Supreme Court within five days.

Robert S. Southern was admitted as a member of the bar of this Court on September 29, 1978. Since that time, he has not been subject to disciplinary proceedings. The present disciplinary complaints were concluded with the stipulation and the respondent's offer to surrender his license. Both complaints which are before us relate to neglect or abandonment of legal matters entrusted to him.

### Count I

The respondent admittedly failed to represent or take any action on behalf of his client after he was retained to evict tenants from rental property which his client owned and was attempting to sell. The tenants were damaging the property and refused to permit a real estate agent to show the property to prospective buyers. Respondent advised his client that he had served an eviction notice on the tenants and had arranged for a hearing on a particular date. He also informed his client that he had sent her a packet containing all of the eviction papers. He now acknowledges that he took no action on behalf of his client, and failed to prepare or serve an eviction notice.

When the respondent's client attempted to contact the respondent at his office, she learned that the respondent was out of town. When she requested her file she found only two phone messages in the file and a photocopy of some materials relating to eviction procedure. The respondent, in not doing the work which was entrusted to him and in making representations to his client which were false, violated Rule 241(B), C.R.C.P. and the Code of Professional Responsibility: DR 1–102(A)(1), DR 1–102(A)(5), DR 1–102(A)(6), and DR 7–101(A)(2).

### Count II

The respondent accepted a retainer for the defense of a paternity action. He failed to appear or to advise his client of the fact that he was not going to appear and thereby prejudiced his client's case. His conduct was in violation of Rule 241(B), C.R.C.P. and the Code of Professional Responsibility: DR 1–102(A)(5) and (6), DR 6–101(A)(3), and DR 7–101(A)(2).

By way of mitigation, the respondent asserts that he had emotional problems which prevented him from functioning effectively as a lawyer. On his own initiative he withdrew from the practice of law on June 1, 1980, and has not practiced law since that time. The respondent contends, and the Grievance Committee agreed, that the difficulties which the respondent encountered were created by his inability to handle the business and scheduling aspects of the law practice and not any medical, emotional, or psychiatric problems which might be the subject of a Rule 256, C.R.C.P. proceeding. Moreover, the respondent was informed by the Grievance Committee, before the stipulation was signed, that the Hearing Panel which would consider his petition for reinstatement might well require a medical or psychiatric examination as part of the reinstatement proceeding.

The respondent has also agreed that at the expiration of six months the provisions of Rule 253, C.R.C.P. relating to reinstatement, will have to be followed even though such is not generally required when the suspension is for a period of less than a year. At the expiration of six months, the respondent may, if he so desires, file a formal petition for reinstatement and at that time it will be necessary for him to establish by clear and convincing evidence that he is fit to practice law. The respondent has acknowledged that the requirements for readmission may include the taking of the bar examination in addition to a possible medical or psychiatric examination.

Accordingly, we approve the stipulation, agreement and offer, and accept the surrender of the respondent's license for a period of six months subject to reissuance only

upon full compliance with Rule 253, C.R. C.P. and the terms set forth in this opinion. Respondent is ordered to pay costs in the amount of $45.28 to the Clerk of this Court within thirty days. The respondent is ordered to surrender his license to the Clerk of the Supreme Court within five days. The suspension period will commence at the time the license is surrendered to the Clerk.