The PEOPLE of the State of Colorado, Complainant,

v.

Robert C. BARBOUR, Attorney-Respondent.

No. 81SA258.

Supreme Court of Colorado, En Banc.

Jan. 4, 1982.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

David A. Fogel, Denver, for attorney-respondent.

ERICKSON, Justice.

The respondent, Robert C. Barbour, has entered into a Stipulation, Agreement and Offer of Surrender of License as a proposed method for settling a series of disciplinary complaints which are pending before the Grievance Committee. In the Stipulation, Agreement and Offer of Surrender of License the respondent has agreed to a suspension for thirteen months from the date of approval of the stipulation by this court. We approve the Stipulation, Agreement and Offer of Surrender of License.

The stipulation also provides for restitution to Roger Hartman and Donald Rose, who paid the respondent for legal services which they never received. If the respondent is to be readmitted as a member of the bar of this Court at the expiration of thirteen months, he must comply fully with the requirements of Rule 253, C.R.C.P. The respondent, by signing the stipulation, has acknowledged that the stipulation, as well as all disciplinary complaints which have been filed against him, can be considered by the Hearing Panel at the time he seeks reinstatement. Our approval of the offer of surrender of license is conditioned upon full compliance with the terms and conditions in the Stipulation, Agreement and Offer of Surrender of License. The respondent is ordered to surrender his license forthwith. *Compare, People v. Southern,* Colo., 638 P.2d 787 (1982).

## I.

### The Record

The respondent was admitted to the bar of the Colorado Supreme Court on October 1, 1971. As a member of the bar of this court, he has been publicly censured for unprofessional conduct which reflected gross carelessness and negligence in the handling of a legal matter entrusted to him. Rule 241(B)(5), C.R.C.P., DR 6–101(A)(2), (3), and DR 7–101(A)(2), (3). *People v. Barbour,* Colo., 612 P.2d 1082 (1980).

## II.

### The Williams Complaint

Before the respondent was publicly censured, he undertook the representation of Mrs. Dorian Williams. In representing Mrs. Williams the respondent was guilty of neglecting legal matters entrusted to him. He also borrowed money from his client to purchase an automobile and failed to grant her the security interest which he agreed to provide at the time the loan was made. It is his contention that he provided a "consensual lien." The consensual lien, if such ever existed, was only enforced after judgment was obtained and proceedings to collect the judgment were taken pursuant to Rule 69, C.R.C.P. After being served with process, the respondent failed to appear at the hearing and only paid the judgment after a bench warrant was issued for his arrest.

The respondent undertook to assist Mrs. Williams on a number of claims which included a personal injury action, an estate matter, and other claims held by the Williams family. In his representation of Mrs. Williams, he failed to carry out or to in anywise meet the obligations that a lawyer has to his client and was guilty of gross negligence in handling his clients' business.

The Grievance Committee concluded that the respondent had violated Rule 241(B)(5), C.R.C.P. and DR 6–101(A)(3). The committee also condemned the respondent for his business dealings with his client which resulted in prejudice to the client. DR 5–104, DR 7–101(A)(3). All of the conduct that is the subject of the complaint by Mrs. Williams preceded the public censure and for that reason more severe discipline, such as suspension, was not recommended. Subsequent to the Williams complaint, however, the admittedly unprofessional conduct set forth in the Stipulation, Agreement and Offer of Surrender of License surfaced and this conduct mandates suspension.

### III.

### Hartman Complaint

The respondent, while serving as counsel for Roger Hartman, borrowed $500 which he agreed to repay with $20 interest within a few weeks after the loan was made. No written note was prepared to evidence the debt. To date the debt has not been paid. The respondent's conduct violates 241(B), C.R.C.P. and DR 5–104 which restrict a lawyer in his business dealings with a client. In the stipulation, the respondent has agreed to make restitution of the borrowed funds and interest to Roger Hartman.

### IV.

### Rose Complaint

The respondent was retained by Donald Rose to file a motion for contempt citation for failure of Rose's ex-wife to comply with a property settlement agreement. The agreement was part of the decree which was entered at the time the marriage between the parties was dissolved. He accepted a retainer fee and thereafter drafted a motion for a contempt citation which his client signed. The respondent lost the divorce papers and never returned the retainer which he received from Rose. He took no further action on behalf of his client after he lost the motion for a contempt citation. He acknowledges that his conduct violated Rule 241(B), C.R.C.P. and DR 6–101(A)(3) in that he neglected a legal matter entrusted to him. The respondent has agreed in the stipulation to make restitution of the retainer which he received from his former client.

### V.

### Carnegie Complaint

Edward C. Carnegie employed the respondent to represent him. The respondent mistakenly permitted his client to suffer judgment in the amount of $519.83, plus court costs and interest. Subsequently, the respondent paid the judgment on behalf of his client, recognizing his error. However, he then borrowed $2,158.62 from Mr. Carnegie and executed a note evidencing the debt. He agreed to repay the loan in monthly installments over a period of one year. He has made one payment of $200. In addition, the respondent acknowledges that he agreed to represent Mr. Carnegie in litigation involving a business agreement. After accepting employment, the respondent lost the files and told his client that the files were stolen. No other copy of the agreement existed.

Respondent now claims that Mr. Carnegie owes him in excess of $2,400 for unpaid legal fees and asserts that he is entitled to an offset on the amount owing on the promissory note. He was guilty of gross negligence in his representation of Edward Carnegie. The respondent in his stipulation admits that all of his conduct reflected in dealings with Carnegie violated Rule 241(B), DR 6–101(A)(3), and DR 7–101(A)(3).

### VI.

### Mitigation

The misconduct in regard to the complaints which are before us occurred in 1979 and 1980. During this period the respondent was a party to a dissolution of marriage action which involved a second unsuccessful marriage. His marital problems were aggravated when his first wife left the state with their two children. In addition, the respondent's father died from a prolonged terminal illness and his mother died not long after. As a result of his father's illness, the respondent incurred a large indebtedness and spent much of his time travelling to Florida to be with his father. He also acknowledges that he has severe emotional and mental problems. However, he does not claim that he suffers from the type of mental disability which would permit suspension under Rule 256, C.R.C.P., and for that reason he does not seek relief or consideration pursuant to Rule 256, C.R.C.P.

The respondent has agreed to make restitution to Donald Rose of the retainer fee of $259 that was paid to him, and has also agreed to repay the note to Roger Hartman in the amount of $520 plus accrued interest, whether or not he decides to apply for

reinstatement to practice law. Because of the alleged setoff claimed by the respondent with regard to his loan from Mr. Carnegie, the claims and counterclaims in that case are left for resolution in a civil action.

Accordingly, the Stipulation, Agreement and Offer of Surrender of License is accepted and the respondent is ordered to surrender his license forthwith. He shall not be eligible to apply for readmission for a period of thirteen months from the date of this opinion. He is also ordered to make restitution to Roger Hartman and Donald Rose in accordance with the Stipulation, Agreement and Offer of Surrender of License. At such time after the expiration of thirteen months as the respondent shall apply for reinstatement, he shall be subject to the provisions of Rule 253, C.R.C.P. All matters set forth in the stipulation will be available for full review at the time reinstatement is sought as well as his previous public censure and the matters relating to Mrs. Williams. The respondent has also agreed to undergo such psychiatric, mental, or alcoholic evaluations as the Hearing Committee may direct at such time as he applies for reinstatement. He is ordered to pay the costs incurred in the Williams cases in the amount of $202.70 within ninety days, and the additional costs incurred in this proceeding in the amount of $257 to the Clerk of the Supreme Court within ninety days.