The PEOPLE of the State of Colorado, Complainant,

v.

Gene Adkisson BARNETT, Attorney-Respondent.

No. 85SA406.

Supreme Court of Colorado, En Banc.

Jan. 31, 1986.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Gene Adkisson Barnett, Boulder, pro se.

LOHR, Justice.

The disciplinary prosecutor filed a formal complaint with the Colorado Supreme Court Grievance Committee alleging professional misconduct by the respondent, Gene Adkisson Barnett. As reflected in a Stipulation of Facts entered into between the respondent and the disciplinary prosecutor, the respondent admitted the essential facts of the two counts of the complaint and admitted that his conduct violated several provisions of the Code of Professional Responsibility and constituted grounds for discipline under C.R.C.P. 241.6.

A hearing was held before a Hearing Board of the Grievance Committee. The Stipulation of Facts was presented and adopted by the board as a part of its findings, so the remaining issue was the appropriate discipline for the respondent's transgressions. The hearing board rejected the respondent's proposal for a supervised return to practice within nine to twelve months. The board recommended that the respondent be suspended from the practice of law for one year and one day, be required to petition for reinstatement and comply with the requirements of C.R.C.P. 241.22 before being permitted to resume the practice of law in Colorado, and be directed to pay the costs of the disciplinary proceeding in the amount of $1,588.95.

A Hearing Panel of the Grievance Committee approved the recommended discipline and referred the matter to this court. The respondent did not file any exceptions to the hearing panel's report. We accept that report and agree that the recommended discipline is the appropriate sanction for the respondent's admitted violations of the Code of Professional Responsibility.

## I.

The respondent was admitted to the bar in Colorado on May 14, 1982, and is registered as an attorney upon the records of this court. He therefore is subject to the jurisdiction of this court and of the grievance committee with respect to his conduct as an attorney. The following facts describing the instances of the respondent's professional misconduct come from the Stipulation of Facts.

## A.

H.W.P. originally retained a law firm in Arvada in 1983 to foreclose on a deed of trust. The respondent joined that firm in March of 1984 and assumed responsibility for H.W.P.'s case. The respondent decided that the best way to handle the matter was to obtain a quitclaim deed from the judgment debtor. However, no quitclaim deed was obtained. In order to cover up his neglect and to impress the firm's regional partner, the respondent forged the judgment debtor's signature on a quitclaim deed and then notarized the forgery. The respondent misrepresented to H.W.P. that the respondent had obtained a valid quitclaim deed with the judgment debtor's signature on it and that the respondent had recorded that deed. The respondent left the employ of the law firm without correcting the fraud. Another attorney discovered the forgery and promptly filed with the grievance committee a request to investigate the respondent's conduct.

The respondent admits that the foregoing conduct was contrary to DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR1–102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law) and DR6–101(A)(3) (neglecting a legal matter), and therefore also violated DR1–102(A)(1) (violating a disciplinary rule). The respondent also admits that this conduct constitutes grounds for discipline under C.R.C.P. 241.6.

## B.

In 1984, after the respondent left the law firm, R.W.J. retained the respondent and paid him $100 with the understanding that the respondent would file the necessary papers to effect the garnishment of the wages of R.W.J.'s former wife for child

support arrearages. The respondent then did nothing on this matter. He "essentially disappeared from sight" and did not refund R.W.J.'s $100 until December 1984, after a grievance had been filed.

The respondent admits that this conduct violated DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR1–102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law), DR7–101(A)(2) (failing to carry out a contract of employment entered into with a client for professional services) and DR9–102(B)(4) (failing to pay or deliver to a client promptly on request the funds, securities, or other properties in the possession of the attorney that the client is entitled to receive), and therefore also violated DR1–102(A)(1) (violating a disciplinary rule). The respondent also admits that this conduct constitutes grounds for discipline under C.R.C.P. 241.6.

### C.

The stipulation further provides that in the respondent's answer to the formal grievance complaint, he indicated that during the period of time in which these instances of misconduct occurred he had undergone severe personal, domestic, emotional and financial difficulties which culminated in October 1984, when the respondent's wife informed him that she wanted a divorce and asked him to move out of the house. The respondent felt that because of these stresses, he was disabled during that time. However, he did not allege any current disability in that answer.

As a result of the respondent's statements concerning disability, the disciplinary prosecutor asked the respondent to undergo a psychiatric evaluation, and the respondent voluntarily agreed. After an examination, a psychiatrist concluded that the respondent was able to understand and participate in the disciplinary proceedings. The psychiatrist was not able to reach a conclusion regarding the respondent's present ability to practice law, but he was of the opinion that the respondent had a personality disorder which affected his behavior and contributed to his misconduct. The psychiatrist recommended that the respondent's practice of law be supervised and that he undergo therapy. Based on this recommendation, the parties stipulated that "it can only be assumed that [the psychiatrist] does not believe this personality disorder is disabling in all circumstances." The parties further stipulated that the psychiatrist's report was insufficient as a ground for a disability proceeding but that the report should be considered when determining the proper discipline for the respondent's misconduct.

Finally, the parties stipulated that the respondent had voluntarily quit practicing law in August 1984 and that he had cooperated fully with the grievance committee and the disciplinary prosecutor in the grievance proceedings. On August 28, 1984, the respondent reported his own misconduct to the grievance committee prior to receiving any notice that the grievance committee had already initiated grievance proceedings against him.

### II.

The facts that follow come from the findings and conclusions entered by the hearing board after it held its hearing. They are not contested by the respondent. At the hearing, the same psychiatrist who had evaluated the respondent earlier testified concerning the respondent's personality disorder. The psychiatrist noted that the respondent exhibited a pattern of procrastinating and then concealing or talking his way out of or around problems caused by the procrastination. Also, the respondent had a tendency to fake episodes of illness in order to avoid the consequences of his conduct. The psychiatrist was of the opinion that the respondent was able to recognize appropriate and ethical conduct, but that he had difficulty in conforming his conduct to this standard. The psychiatrist believed that it was possible the respondent could benefit from long-term therapy.

The respondent testified that he was undergoing weekly therapy sessions at a psychological clinic at the University of Colora-

do in Boulder. The respondent proposed that he be allowed to spend nine to twelve months preparing to return to the practice of law by continuing therapy and by building up his finances through other work. Upon reentering practice, the respondent proposed that he continue therapy with periodic reviews from an independent therapist to monitor his progress. The respondent further proposed that he be supervised in his return to the practice of law in a particular manner by another attorney, who had agreed to such a program of supervision.

The hearing board concluded that the respondent's underlying problems were so severe and that the terms of his proposed program for rehabilitation were so vague that the board could not recommend the acceptance of the respondent's proposal. The board believed that the respondent should establish that he has overcome his psychological problems prior to the time that he is allowed to resume the active practice of law. Given the relatively last minute nature of the respondent's proposal and his overall apparent reaction to the psychiatrist's report, the board was not persuaded that the respondent understood the significance of the psychiatrist's findings. The board was of the opinion that the respondent did not yet grasp the difficulty and importance of understanding and coping with his problems for a significant period of time before reentering practice. Finally, the board concluded that although the respondent had never been disciplined before and although his conduct in forging the quitclaim deed and ignoring the child support matter did not cause serious injury to the public, the respondent's conduct nevertheless constituted such serious offenses that he must be disciplined accordingly and the respondent's psychological problems were so severe that action must be taken to protect the public. For these reasons, the hearing board recommended that the respondent be disciplined as detailed above. The hearing panel agreed.

## IV.

We agree with the grievance committee's recommended discipline. The respondent, Gene Adkisson Barnett, is suspended from the practice of law for one year and one day from the date of this opinion, and as a condition of reinstatement, he shall fully satisfy the terms and conditions of C.R. C.P. 241.22, including proof of rehabilitation. It is further ordered that the respondent shall pay the costs of this disciplinary proceeding in the amount of $1,588.95 to the Colorado Supreme Court Grievance Committee, Dominion Plaza Building, 600 17th Street, #520–S, Denver, Colorado, 80202, within ninety days from the date of this opinion.