**The PEOPLE of the State of Colorado, Complainant,**

v.

**James L. MAYER, Attorney-Respondent.**

**No. 86SA15.**

Supreme Court of Colorado, En Banc.

March 17, 1986.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Andersson, Gerig, Gross & Lederer, P.C., Michael D. Gross, Colorado Springs, for attorney-respondent.

VOLLACK, Justice.

James L. Mayer, you appear before this court to receive a public censure for professional misconduct. On January 9, 1985, the Supreme Court Grievance Committee entered a default judgment against you because service of process on you was sufficient, and you failed to answer as required. Therefore, all allegations contained in the complaint were deemed admitted. On February 6, 1986, the Colorado State Supreme Court received from your attorney an election not to file exceptions to the findings of fact, conclusions and recommendations of the Supreme Court Grievance Committee. We, therefore, accept the findings of fact, conclusion and recommendations of the Grievance Committee, and now impose a public censure.

You were admitted to the bar of this court on May 22, 1978, and at all times pertinent to these proceedings were registered as a lawyer in good standing in the official records of this court. Accordingly, pursuant to C.R.C.P. 241.1(b), you are subject to the jurisdiction of this court.

The incidents of misconduct giving rise to these grievance proceedings occurred during a period of time commencing in 1982 and continuing through 1985. On December 10, 1982, David George Mason was convicted by jury in the district court of Larimer County for first-degree assault and sentenced to a period of six-years' confinement. Mr. Mason and his wife then retained you as counsel to pursue the appeal of his criminal conviction. They paid you $3,885. Of that amount, you used $1,150 to order a transcript of the trial.

You timely filed notice of appeal on January 10, 1983. Thereafter, you did nothing further for the Masons; and the appeal was not docketed in a timely fashion. You not only abandoned their case, you failed to return the unearned portion of the fees previously paid to you by the Masons.

Your foregoing conduct violated Rule 241.6 of the Colorado Rules of Civil Procedure concerning discipline of attorneys and also violated the Code of Professional Responsibility, DR1-102(A)(1), DR1-102(A)(4), DR1-102(A)(5), DR1-102(A)(6), DR6-101(A)(3), DR7-101(A)(2), and DR9-102(B)(4).

On March 1, 1984, you were notified by the Grievance Committee of the request for investigation filed herein. On March 27, 1984, the Grievance Committee notified you that your answer was overdue and that failure to respond could in itself result in discipline. On August 1, 1984, another letter was sent to you, again informing you that failure to cooperate with the Grievance Committee could result in discipline. The letter was sent by certified mail, return receipt requested; the return receipt was signed for by you on August 15, 1984. On August 7, the Grievance Committee investigator returned a telephone call to you and was advised that an answer had been filed and must have become lost. You advised that you would remail a copy of the response. This telephone conversation was confirmed by a letter to you on September 7, 1984. To date, no response has been received from you.

Your foregoing conduct violated Rule 241.6(7) of the Colorado Rules of Civil Procedure.

Because this matter went by way of default and neither you nor your attorney moved to set aside the default, the July 19, 1985, hearing dealt only with the issue of

recommended discipline. You presented psychiatric evidence from Dr. Roberts, who testified that your neglect was related to a severe depression that you were recovering from and a penalty greater than a private censure would be detrimental to your future psychiatric health. Further, Dr. Roberts testified that you would not pose a danger to the public if you were to continue to be licensed to practice law in the State of Colorado.

You testified that, after looking at Mr. Mason's appeal, you found that there was no basis for appeal and that you fully discussed your findings with your client. Your position regarding the fee dispute was that, based upon the work which you had done, which included two visits to Mason in jail and several conferences with the Mason family, and analyzing the merits of Mr. Mason's appeal, no portion of the fee was refundable to Mr. Mason. No accurate time records were available.

Notwithstanding your request, the request of your counsel, and the testimony of Dr. Roberts that the board issue a private censure in this matter, we agree with the Grievance Committee that, because of the following prior discipline, a private censure is inadequate and a public censure is in order.

You previously received a private censure on January 5, 1984, based upon a stipulation, agreement and conditional admission. In case 84SA201, we issued you a private censure on March 21, 1984, after a formal proceeding. Further, on December 4, 1984, a letter of admonition was issued to you for failure to appear at several bankruptcy proceedings in violation of DR7–101(A)(2).

Due to the history of prior discipline, we agree with the hearing panel's recommendations that a public censure be issued against you, that you refund $2,735 to the Mason family as an unearned portion of the fee, plus interest at the rate of 8 percent per annum thereon, and that you pay the costs of these proceedings, which total $186.93. Accordingly, you are hereby ordered to pay $2,735.00 to Mr. and Mrs. Mason, plus interest at the rate of 8 percent per annum from March 1, 1984. Principal and interest are to be paid in full on or before July 1, 1986. You are further ordered to pay the costs of these proceedings to the Supreme Court Grievance Committee, 600 17th Street, Suite 500–S, Denver, Colorado 80202, within ninety days of this order.