**The PEOPLE of the State of Colorado, Complainant,**

v.

**James L. MAYER, Attorney-Respondent.**

**No. 86SA398.**

Supreme Court of Colorado, En Banc.

Oct. 19, 1987.

George S. Meyer, Deputy Disciplinary Prosecutor, Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

James L. Mayer, Pueblo, pro se.

MULLARKEY, Justice.

The Supreme Court Grievance Committee has recommended that the respondent, James L. Mayer, an attorney licensed to practice in Colorado since 1978, be suspended from the practice of law for six months. The Committee also recommends that Mayer be required to petition for reinstatement after his suspension pursuant to C.R.C.P. 241.22(b) and that, during the reinstatement proceeding, he should be required to prove not only that he is rehabilitated but that he is mentally and emotionally fit to practice law. The Committee also recommended that the respondent be ordered to make restitution to his former client who brought this complaint against him and that he be assessed the costs of these proceedings. We accept the recommendations of the Committee.

### I.

In a default proceeding,[1] a hearing board of the Committee found that Maggie L. Thompson sought advice from Mayer in

clearing the titles to real and personal property which she held jointly with her deceased husband. Mayer informed Thompson that he would charge her $630 to "probate the estate." Thompson gave him a check for that amount and gave him the title to a trailer and other papers pertaining to her late husband's pickup truck and their jointly held real property. Thompson heard nothing more from Mayer over the next few months and, in response to her inquiry, she was told by Mayer's secretary that he was "probating the will." Thompson then retained another attorney and wrote to Mayer requesting the return of her documents and the $630 fee. Her new attorney subsequently completed the estate for a fee of $310. The documents which Thompson had requested that Mayer return were not delivered to her by Mayer's secretary until after Thompson filed her complaint with the Grievance Committee. The board found that Mayer had done no work for Thompson and that he had not refunded her $630 fee despite his assurance to the Committee that he would do so.

By clear and convincing evidence, the board found that Mayer neglected a legal matter entrusted to him in violation of DR 6–101(A)(3); charged an excessive fee to perform the matter involved in violation of DR 2–106(A); failed to promptly deliver the client's file in violation of DR 9–102(B)(4); failed to refund the fee to Thompson, despite his representation to the contrary, in violation of DR 1–102(A)(4); and failed to respond to the Grievance Committee's request in its investigation of this complaint in violation of C.R.C.P. 241.6(7). The board concluded that Mayer's conduct resulted in a violation of disciplinary rules contrary to DR 1–102(A)(1) and adversely reflected on his fitness to practice law in violation of DR 1–102(A)(6). Based on Mayer's testimony at the final hearing, the board's observations of him and information provided to the board indicating that Mayer subsequently was hospitalized and treated for post-traumatic stress syndrome, the board

---

1. Mayer did not answer or otherwise respond to the complaint but he appeared *pro se* at the final

hearing held pursuant to C.R.C.P. 241.13(b).

found that Mayer's mental and emotional state contributed to his neglect of his responsibilities giving rise to this complaint.

The hearing board's findings of fact, conclusions and recommendations were unanimously adopted by a hearing panel of the Grievance Committee and forwarded to this court. The respondent filed no exceptions to the findings of fact, conclusions and recommendations.

## II.

Mayer was publicly censured by this court in *People v. Mayer*, 716 P.2d 1094 (Colo.1986), for failing to pursue a criminal appeal for which he had been retained. That case recites Mayer's prior disciplinary history (two private censures and a letter of admonition) and briefly discussed Mayer's psychiatric history. In the case now before us, the amount of money lost by Mayer's client is not large but Thompson was a widow of limited means and prompt resolution of the matter involved was of great importance to her. Further, Mayer's misconduct in this case was similar to his misconduct in the other cases for which he was disciplined.

■ Standard 4.42(b) of the ABA Standards for Imposing Lawyer Sanctions provides that suspension is generally appropriate when a lawyer engages in a pattern of neglect which causes injury or potential injury to a client. A pattern of neglect is clearly demonstrated by the five cases in which Mayer has been disciplined by this court. It is apparent that lesser sanctions have not served to deter the respondent from such conduct and, under these circumstances, it is our duty to impose a suspension in order to protect the public. Accordingly, we accept the Committee's recommendation that Mayer be suspended for six months.

■ We also accept the Committee's recommendation that Mayer be ordered to petition for reinstatement pursuant to C.R.C.P. 241.22(b). Normally, reinstatement is automatic upon filing of the required affidavit if a lawyer has been suspended for a period of one year or less. The rule, however, permits us to negate the automatic reinstatement in our order of suspension and we accept the Committee's recommendation that we do so in this case. *See People v. Southern*, 638 P.2d 787 (Colo. 1982).

■ In view of the Committee's finding that Mayer's mental condition contributed to his neglect of his professional responsibilities, we agree that, prior to reinstatement, he should be required to demonstrate his mental and emotional fitness to practice law. *People v. Proffitt*, 731 P.2d 1257 (Colo.1987); *People v. Barnett*, 716 P.2d 1076 (Colo.1986).

## III.

For these reasons, the respondent is suspended from the practice of law for six months from the date of this opinion. In order to be reinstated, he must petition for reinstatement and meet the requirements of C.R.C.P. 241.22(b) pertaining to a suspension for a period of more than one year. As part of any such reinstatement proceeding, the respondent must prove his mental and emotional fitness to practice law.

The respondent is ordered to make restitution within ninety days to Maggie L. Thompson in the amount of $630.00 plus interest at the rate of 8% per year from March 7, 1986. The respondent also is ordered to pay the costs of this disciplinary proceeding in the amount of $134.07 within ninety days to the Colorado Supreme Court Grievance Committee, 600 Seventeenth Street, # 500 S, Denver, Colorado 80202.

Justice LOHR does not participate.