The PEOPLE of the State of
Colorado, Complainant,

v.

Robert Steven SOUTHERN,
Attorney–Respondent.

No. 92SA133.

Supreme Court of Colorado,
En Banc.

July 20, 1992.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for respondent.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the findings and the recommendation of a hearing board that the respondent in this attorney disciplinary proceeding be disbarred, be ordered to pay restitution, and be assessed costs. The respondent did not answer the complaints filed by the assistant disciplinary counsel, did not appear before the hearing board, and has not appeared in this court. We accept the recommendation of the hearing panel and order that the respondent be disbarred, pay restitution plus statutory interest as a condition of readmission, and pay the costs of this proceeding.

I

The respondent was admitted to the bar of this court on September 29, 1978, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). Three separate formal complaints were consolidated for hearing before the hearing board. Because the respondent did not appear and did not answer the complaints filed against him, the allegations of fact contained in the complaints were deemed admitted. *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based on the respondent's defaults, and evidence tendered by the assistant disciplinary counsel, the hearing board found that the following allegations and charges of misconduct contained in the complaints were established by clear and convincing evidence.

The three complaints included fourteen charges of misconduct. Five of the charges of misconduct involved the respondent's failure to respond to requests for investigation filed with the Office of Disciplinary Counsel, contrary to C.R.C.P. 241.-6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

In the first substantive matter, the respondent agreed to file appeals in two criminal cases involving the same client. Although he filed notices of appeal, he did not file an opening brief in either case. When the respondent did not reply to orders to show cause why the appeals should not be dismissed, both appeals were dismissed

with prejudice. The respondent misrepresented to his client that he had filed opening briefs and that he would mail the client copies of the briefs. The client subsequently was successful in efforts to reinstate the appeals.

In a second matter, the respondent was retained by Randall W. Blasch to contact his mortgage companies to arrange a payment plan for Blasch to make up deficiencies on two mortgages. After the respondent did essentially nothing on Blasch's behalf, and failed to respond to Blasch's attempts to contact him, a foreclosure sale was held on February 5, 1990. Blasch was compelled to redeem his property by paying the deficiency plus $3,000 to the mortgage company for attorney's fees.

In addition, the respondent represented a client in a revocation of probation proceeding but did not appear at the hearing, causing the referee to postpone the hearing so that the client could retain another attorney. The respondent also failed to appear at numerous scheduled conferences and hearings in a matter in which he had been appointed guardian ad litem for one of the parties.

Finally, the respondent failed to appear or take appropriate action in five separate matters in which he had been appointed by the court to represent clients in a termination of parental rights proceeding and four dependency and neglect proceedings.

## II

The hearing board determined, and we agree, that the respondent's inaction in the legal matters entrusted to him and the abandonment of his clients violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law); DR 2-110(A)(1) (if permission for withdrawal is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before a tribunal without its permission);

DR 2-110(A)(2) (a lawyer shall not withdraw from employment until the lawyer has taken steps to avoid foreseeable prejudice to the rights of the client); DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7-102(A)(1) (in representing a client, a lawyer shall not file a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another); DR 7-101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); and DR 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage the client during the course of the professional relationship). The hearing board further concluded that the respondent's conduct caused serious injury to Blasch and to the client he was appointed to represent in the termination of parental rights proceeding, and created the potential for serious injury to other clients.

The hearing panel approved the board's recommendation that the respondent be disbarred. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, disbarment is generally appropriate when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
>
> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
>
> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. As the hearing board noted, a number of aggravating factors are present in this case. In particular, the respondent was previously suspended for a period of six months for neglect and abandonment of client matters. *People v. Southern*, 638 P.2d 787 (Colo. 1982); *see* ABA *Standards* 9.22(a). The

respondent did not appear at the hearing and thus no evidence of mitigating circumstances was introduced. The respondent's default before the grievance committee and his utter disregard of these disciplinary proceedings further demonstrate his unfitness to practice law. Accordingly, we accept the recommendation of the hearing panel and order that the respondent be disbarred.

### III

It is hereby ordered that Robert Steven Southern be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is ordered that the respondent pay the costs of these proceedings in the amount of $520.62 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. It is further ordered that, prior to any application for readmission, the respondent make restitution to Randall Blasch in the amount of $3,000 plus statutory interest from February 5, 1990, until paid.