The PEOPLE of the State of
Colorado, Complainant,

v.

Glenn A. BERGMANN,
Attorney-Respondent.

No. 85SA409.

Supreme Court of Colorado,
En Banc.

Feb. 10, 1986.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Glenn A. Bergmann, Denver, pro se.

ROVIRA, Justice.

Glenn A. Bergmann, you appear before this court to receive a public censure for your professional misconduct. In disciplinary proceedings before the Supreme Court Grievance Committee, you and the disciplinary prosecutor entered into a stipulation in which you waived your right to a formal evidentiary hearing and admitted the essential facts which caused the Grievance Committee to take action against you under our rules governing lawyer discipline.

You were admitted to the bar of this court on April 7, 1966, and at all times pertinent to these proceedings were registered as a lawyer in our official records. Therefore, pursuant to C.R.C.P. 241.1(b), you are subject to disciplinary jurisdiction in all matters relating to the practice of law.

In June 1981, Eleanor P. Woodrow retained you to file a suit arising from the death of her son, Marvin Woodrow, while he was in the custody of the Department of Corrections at Canon City. You initially filed suit in the federal district court, but subsequently dismissed that action, and in March 1983, initiated another suit in the district court of El Paso County.

During the course of this latter proceeding, you failed to respond in a timely manner to requests for discovery, and in April 1984, sanctions were imposed against you.

Commencing in July 1983, you failed to communicate with your client and a private

investigator retained by your client to investigate the death of her son. In November 1983, in an attempt to obtain a report from you on the progress of the lawsuit, your client, who lives in Pittsburgh, Pennsylvania, engaged a Pittsburgh attorney. He wrote you requesting a status report, but you never responded in writing to his request. Shortly thereafter, your client was forced to terminate her Pittsburgh attorney's activities because she could not afford the attorney fees.

As a result of your acts of omission, your client filed a request for investigation with the Grievance Committee on July 6, 1984. In your response, you agreed to either set the case for trial or withdraw, and advised the Grievance Committee investigator that you would make that decision by September 15, 1984. You took no action by that date.

In October 1984, you advised the investigator that you would set the matter for trial during the week of October 15, 1984. You failed to do so. Shortly thereafter, Panel A of the Grievance Committee sent you a Letter of Admonition and warned you that if the lawsuit continued to be neglected the matter would be forwarded to the Disciplinary Prosecutor for further proceedings.

You continued to neglect the lawsuit and failed to respond to inquiries of the Grievance Committee investigator or contact your client. It was not until formal grievance proceedings had been initiated that you moved to withdraw and sent your client the case file.

You have admitted that your conduct violates C.R.C.P. 241.6 including 241.6(7) (failure to respond to a request by the Grievance Committee without good cause) and the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule), DR1–102(A)(5) (conduct prejudicial to the administration of justice), DR1–102(A)(6) (conduct which adversely reflects on your fitness to practice law), and DR6–101(A)(3) (neglect of legal matters).

The Inquiry Panel of the Grievance Committee approved the stipulation that you be publicly censured for your unprofessional conduct. We agree that because of the seriousness of your misconduct a public censure is warranted. This public censure will remain on file with this court for further consideration should you at any time in the future violate the Code of Professional Responsibility.

You are ordered to pay costs of $100.02 within 30 days to the Supreme Court Grievance Committee, 600 17th Street, Suite 500 South, Denver, Colorado 80202.