The PEOPLE of the State of Colorado, Complainant,

v.

Glenn A. BERGMANN, Attorney–Respondent.

No. 89SA220.

Supreme Court of Colorado, En Banc.

April 30, 1990.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

Glenn A. Bergmann, Lakewood, pro se.

PER CURIAM.

In this attorney discipline case, a hearing board of the Supreme Court Grievance Committee (Committee) recommended that the respondent, Glenn A. Bergmann, be suspended from the practice of law for three years, satisfy a judgment as a condition of reinstatement, and be assessed the costs of these disciplinary proceedings. After reviewing the findings of fact and recommendation of the board, a hearing panel of the Committee accepted the findings and the recommendation of suspension, but recommended that satisfaction of the judgment not be made a condition of reinstatement until certain appellate proceedings had been concluded. We accept the recommendation of the panel.[1]

1. The decision of the panel was made on June 2, 1989. In July 1989, the Colorado Court of Appeals in *Frey v. Bergmann*, No. 88CA0637 (Colo. App. July 13, 1989) (not selected for publication), affirmed the judgment against the respondent.

## I

The respondent was admitted to practice law in Colorado in 1966, and is subject to the disciplinary jurisdiction of this court and its Grievance Committee. The facts as found by the hearing board are as follows.

In 1978, Maurice Frey was injured while riding in a car driven by his employer, James Taylor. Both men retained respondent to represent them in workers' compensation claims and personal injury actions. In November 1980, respondent filed a personal injury action on behalf of Taylor. In January 1982, Taylor secured a jury verdict of over $200,000. The case was settled shortly thereafter.

Respondent failed to file a personal injury action on behalf of Frey. After respondent failed to return his numerous telephone calls over a lengthy period of time, Frey contacted another attorney, Kenneth N. Kripke in July 1986. After ascertaining the pertinent facts, Kripke advised Frey that the statute of limitations had expired on his personal injury claim. Frey then retained Kripke to file a malpractice action against respondent.

On August 19, 1987, the malpractice action came to trial in the Jefferson County District Court before the Honorable James D. Zimmerman. The respondent appeared *pro se*. His motion for a continuance was denied. After testifying under cross-examination, he left the courtroom never to return. The trial to the court was concluded in his absence. On August 20, 1987, judgment was entered against the respondent and in favor of Frey for $94,200 actual and $40,000 exemplary damages, and in favor of Frey's wife in the amount of $21,000 actual and $10,000 exemplary damages, plus costs and interest. Frey died a few weeks after trial.[2]

The board found, based upon conflicting testimony, that the respondent had been retained by Frey to represent him in connection with his personal injury claim. Further, that the neglect of the matter resulted in the statute of limitations running against Frey, resulting in injury to him. The board also found that the respondent did not carry professional liability insurance, and the Freys had not recovered on the judgment obtained against the respondent.

The board concluded that the respondent neglected a legal matter entrusted to him, DR 6–101(A)(3); intentionally failed to seek the lawful objective of his client, DR 7–101(A)(1); intentionally failed to carry out a contract of employment, DR 7–101(A)(2); prejudiced or damaged his client during the course of a professional relationship, DR 7–101(A)(3); engaged in conduct adversely reflecting on his fitness to practice law, DR 7–102(A)(6); and committed gross negligence in violation of C.R.C.P. 241.6(4).

In arriving at its recommendation of appropriate discipline, the board considered the respondent's record of prior discipline and the *ABA, Standards for Imposing Lawyer Sanctions* (1986). As to the former, the board noted that in 1984, the respondent received a letter of admonition for his failure to prosecute the case and to communicate with a client. In 1986, the respondent was publicly censured for continued and serious neglect of his clients' affairs. *People v. Bergmann*, 716 P.2d 1089 (Colo.1986).

With reference to the ABA Standards, the board considered the factors set out in Standard 9.0, *Aggravation and Mitigation*. It found the following aggravating factors to be present: (1) prior disciplinary offenses, (2) refusal to acknowledge wrongful nature of conduct, (3) vulnerability of

---

**2.** The respondent did not appeal the trial court's findings of fact or conclusions of law and judgment. Rather, in February 1988, he filed a motion for relief from judgment pursuant to C.R.C.P. 60(b), claiming that certain facts relating to the computation of compensatory damages were not presented at trial, resulting in a damage award unsupported by relevant evidence. The motion was denied. On appeal, the court of appeals held that the trial court did not abuse its discretion in denying respondent's motion. It further found that the appeal lacked substantial justification and remanded the cause to the trial court with directions to determine and order an award of attorney fees in favor of the Freys. *Frey v. Bergmann*, No. 88CA0637 (Colo.App. July 13, 1989) (not selected for publication).

victim, and (4) substantial experience in the practice of law.

In determining the appropriate sanction, the board found Standard 4.4 [3] to be applicable "in light of the knowing conduct of the respondent and the serious injuries resulting therefrom."

The board recommended that the respondent be suspended from the practice of law for a period of three years, and that the costs of these disciplinary proceedings be assessed against him. It also recommended that reinstatement be conditioned on respondent satisfying the judgment obtained in the Jefferson County District Court and the conditions set forth in C.R. C.P. 241.21 and 241.22(b). A hearing panel accepted the board's findings and all of the recommendations, except that relating to satisfaction of the judgment. As to that matter, the panel recommended that such a condition be imposed only after the conclusion of the appeal then pending in the Colorado Court of Appeals. *See, supra* note 1, at 840.

## II

The respondent filed objections to the findings of fact and recommendation of the board and exceptions to the board's report. His objections can be summarized as follows: (1) There is no credible evidence before the board or the district court that Frey suffered injuries or economic loss as a result of the automobile accident; (2) the board assumed that the district court judgment was both factually and legally supported even though an appeal was pending; (3) there was no evidence that respondent agreed to represent Frey in his personal injury action; (4) there was no factual or legal basis for the judgment; and (5) the board sanctioned a large punitive damage award that could not be justified on any legal basis as a condition of reinstatement.

Respondent, in his exceptions to the board's report, reiterated the objections previously made, but also claimed that Judge Zimmerman, the complaining witness in this disciplinary proceeding, levied a "large economic sanction against the respondent, that he could not justify on the basis of any evidence placed before him."

■ Respondent's objections and exceptions related to the proceedings before the district court are without merit. By his conduct in leaving the courtroom and not appealing the trial court's findings of fact, conclusions of law and judgment, the respondent is in no position now to claim that there was no credible evidence that Frey suffered injuries or that there was no factual or legal basis for the judgment. Further, although the board recommended that this court order restitution in the form of satisfaction of judgment as a condition of reinstatement, the hearing panel amended that recommendation to make restitution conditional on the outcome of the appeal.

The respondent also contends that there was no evidence to support the conclusion that he agreed to represent Frey in his personal injury action.

■ We reject respondent's argument. The hearing board's factual findings are binding upon this court unless, after considering the record as a whole, we conclude that the findings are clearly erroneous and unsupported by substantial evidence. *People v. Gibbons*, 685 P.2d 168, 172–73 (Colo. 1984). Our review of this extensive record leaves us with no doubt that the evidence before the board supports its conclusion that the respondent agreed to represent

---

**3.** Standard 4.41 states:
Disbarment is generally appropriate when:
(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

Standard 4.42 states:
Suspension is generally appropriate when:
(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

Frey in his personal injury claim. The board's findings of fact fully support its conclusion that the respondent's conduct violated the disciplinary rules previously noted and C.R.C.P. 241.6(4).

After the submission of the record to this court, we directed the respondent to show cause why more severe discipline, including the possibility of disbarment, should not be imposed. He submitted a response in which he noted that it had not been alleged or found that he had been dishonest or profited at the expense of any client, and that the findings of the board would not justify disbarment based on our prior cases. He further stated that he had voluntarily removed himself from the active practice of law, and after the orderly transfer or disposition of three matters he would permanently close his practice.

It is a close question whether disbarment or suspension should be imposed. However, after careful review and consideration of all the circumstances, we are of the opinion that a three-year suspension is the appropriate discipline.

Accordingly, the respondent is suspended from the practice of law for three years, and is ordered to comply with the provisions of C.R.C.P. 241.21 and C.R.C.P. 241.-22(b). Reinstatement is conditioned upon the respondent satisfying the judgment rendered in the Jefferson County District Court, *Frey v. Bergmann*, No. 88CA0637 (Colo.App. July 13, 1989) (not selected for publication). The respondent is further ordered to pay the costs of these proceedings in the amount of $551.78 by tendering this sum to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80203, within ninety days of the date of this opinion.