The PEOPLE of the State of Colorado, Complainant,

v.

Robert J. CALT, Attorney–Respondent.

No. 91SA215.

Supreme Court of Colorado, En Banc.

Sept. 16, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Brown & Berardini, P.C., Brian J. Berardini, Denver, for attorney-respondent.

PER CURIAM.

In this attorney discipline case, a hearing panel of the Supreme Court Grievance Committee unanimously approved the findings of the hearing board, and recommended that the respondent be disbarred for counseling and assisting his client in conduct that the respondent knew to be illegal or fraudulent, for engaging in conduct involving dishonesty, and for illegal conduct involving moral turpitude. Neither the respondent nor the assistant disciplinary counsel have excepted to the hearing panel's recommendation. We agree that the seriousness of the respondent's misconduct warrants disbarment, and we order that the respondent be disbarred and pay the costs of these proceedings.

I.

■ The respondent was admitted to the bar of this court on October 16, 1974, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The hearing board heard testimony from witnesses called by the assistant disciplinary counsel and by the respondent, and received exhibits submitted by both parties. The board found that the following facts were established by clear and convincing evidence.

In the summer of 1987, Gates Energy Products, Inc. (Gates), relocated its manufacturing facilities from Colorado to Missouri. As part of its relocation plan, Gates offered to reimburse any employee moving with Gates for certain expenses, including brokerage fees, that were associated with the sale of the employee's residence.

John E. Blosser was an employee of Gates subject to the relocation and he lived in Denver in a house owned by his sister, Pearl E. Watters. Blosser retained the respondent in September 1987 to determine if he qualified for reimbursement under Gates's relocation policy. The respondent advised Blosser to ask Watters to quitclaim her residence to Blosser, with the understanding that Blosser would immediately sell the residence back to Watters. When Watters refused to quitclaim the residence, the respondent prepared a fraudulent statement of settlement which represented that Blosser sold the residence to Watters on October 10, 1987. The statement of settlement also falsely reflected broker's fees and other costs related to the imaginary sale of the residence. The statement of settlement was prepared and signed by the respondent and was submitted to Gates on October 10, 1987.

On October 20, 1987, Gates "reimbursed" Blosser in the amount of $5,390.11, for the broker's fees and other costs associated with the "sale" of Blosser's residence. Two days later, Blosser paid the respondent $3,654.40 from the relocation proceeds. After this grievance proceeding was initiated, the respondent paid restitution to Gates in the form of a check for $3,654.40. The check contained an endorsement restricting any further claims against the respondent.

The hearing board found, and we agree, that the respondent's conduct violated DR 7–102(A)(7) (a lawyer shall not counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent); DR 1–102(A)(3) (a lawyer shall not engage in il-

legal conduct involving moral turpitude); and DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). By virtue of the foregoing, the respondent also violated DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule), and C.R.C.P. 241.6 (grounds for lawyer discipline).

## II.

The hearing panel has recommended that the respondent be disbarred, and the respondent has not excepted to this recommendation. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, disbarment is generally warranted when "a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice." *ABA Standards* 5.11(b). *See People v. Vernon*, 782 P.2d 745, 746 (Colo. 1989) (engaging in intentional conduct involving dishonesty, fraud, deceit, and misrepresentation warrants disbarment). In aggravation, the hearing board found that the respondent was motivated by a dishonest and selfish motive, *ABA Standards* 9.22(b), and had substantial experience in the practice of law, *id.* at 9.22(i).

The respondent has no prior history of discipline. In addition, he introduced evidence that at the time he was assisting Blosser in preparing the fraudulent statement of settlement, he was experiencing severe mental and emotional problems and that these problems were a cause of the misconduct. The hearing board heard conflicting expert testimony on the severity and effects of the respondent's mental and emotional condition, and concluded that that condition did not sufficiently explain the respondent's dishonest and deceitful conduct.

■ The factual findings of the hearing board are binding on us unless, after consideration of the record as a whole, we conclude that the findings are clearly erroneous and unsupported by substantial evidence. *People v. Sullivan*, 802 P.2d 1091, 1094 (Colo.1990); *People v. Bergmann*, 790 P.2d 840, 842 (Colo.1990). "In determining whether the board's findings are supported

by substantial evidence, it is not within the province of this court to measure the weight of the evidence or to resolve the credibility of witnesses." *People v. Distel*, 759 P.2d 654, 662 (Colo.1988). The record supports the board's determination that the respondent's dishonest conduct was not caused by his mental condition. *Sullivan*, 802 P.2d at 1094 (hearing board's conclusion that the respondent's overcharging of legal fees was not the result of depression was supported by the record despite conflicting expert evidence). We conclude that, given the gravity of the misconduct, the evidence in mitigation is insufficient to warrant a sanction less than disbarment.

## III.

Accordingly, it is hereby ordered that respondent Robert J. Calt be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that respondent Robert J. Calt pay the costs of this proceeding in the amount of $2,736.38 within ninety days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.