The PEOPLE of the State of Colorado, Complainant,

v.

Jimmie Joe HONAKER, Attorney–Respondent.

No. 92SA473.

Supreme Court of Colorado, En Banc.

March 15, 1993.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance by attorney-respondent.

PER CURIAM.

The respondent in this attorney disciplinary proceeding was charged with neglecting a legal matter, failing to seek the lawful objectives of his clients, failing to carry out a contract of employment, and failing to promptly pay or return client funds and property upon demand. The respondent did not appear before the hearing board and has not appeared in this court. A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of the hearing board that the respondent be suspended from the practice of law for one year and one day and that he be ordered to pay restitution and assessed the costs of this proceeding. We accept the hearing panel's recommendation.

I

The respondent was admitted to the bar of this court on October 4, 1966, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The respondent was suspended for thirty days effective July 3, 1991, because of professional misconduct, *see People v. Honaker,* 814 P.2d 785 (Colo.1991), and was subsequently reinstated. The respondent did not answer or otherwise respond to the complaint; therefore, the allegations of fact contained in the complaint are deemed admitted because of the respondent's default. C.R.C.P. 241.-13(b); *People v. Crimaldi,* 804 P.2d 863, 864 (Colo.1991). Based upon the complaint and the exhibits tendered by the assistant disciplinary counsel at the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

In January 1991, the respondent represented Jerald Rowe and Sharon Rowe, who were defendants in a civil action involving the ownership of certain shares of water

stock in the Boulder and Larimer County Irrigating Company. The Rowes formerly owned farm property in Larimer County and had executed a promissory note for the benefit of the Farmers Home Administration (the Administration). The note was secured by the farm property, and the Rowes also pledged fifteen shares of the water stock as collateral for the loan. After the Rowes defaulted on the loan, the Administration foreclosed on the property. The Rowes transferred the farm property to the Administration by quitclaim deed, but refused to endorse the water stock certificates over to the Administration. The Administration later assigned its rights to the Platte Valley Bank (the bank), which bank later filed a civil action against the Rowes seeking to force them to endorse the certificates.

The respondent filed various motions in the action on behalf of the Rowes and attended their depositions in June of 1991. The bank filed a motion for summary judgment on July 23, 1991. In a disclosure statement filed on August 8, 1991, the respondent stated his intent to file a response to the motion for summary judgment. A response was due on August 10, 1991. No such response was ever filed, however, and summary judgment was entered against the Rowes on October 22, 1991, without their knowledge.

The Rowes had received a notice dated August 19, 1991, stating that trial was set for August 27, 1991. Having heard nothing from the respondent, the Rowes attempted to contact him on October 30, 1991, and again on November 6, 1991. Upon learning that the respondent's telephone had been disconnected, the Rowes visited the site of the respondent's office on November 7, 1991, only to discover that it had been vacated. On November 14, the Rowes wrote to the respondent and asked for the return of their files. The respondent did not answer their letter.

The Rowes retained another attorney, at a cost of $400, to request the trial court to vacate the summary judgment entered on October 22, 1991. Their motion to vacate was denied on January 7, 1992.

As the hearing board concluded, the respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). Moreover, in failing to respond to the request for investigation in this proceeding, the respondent also violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown is a ground for lawyer discipline).

II

The hearing panel approved the board's recommendation of suspension for one year and one day. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, "[s]uspension is generally appropriate when ... a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client...." ABA *Standards* at 4.42(a). The hearing board found the following aggravating factors present: (1) prior disciplinary history, ABA *Standards* at 9.22(a); (2) bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with the rules and orders of the grievance committee, ABA *Standards* at 9.22(e); and (3) substantial experience in the practice of law, ABA *Standards* at 9.22(i). The hearing board found no mitigating factors present.

Of special significance is the fact that the respondent was previously suspended effective July 3, 1991, for neglecting a legal matter entrusted to him, for failing to carry out a contract of employment, and for intentionally damaging or prejudicing a client. *See People v. Honaker*, 814 P.2d

785 (Colo.1991). He was reinstated from that suspension on August 5, 1991—three days before he filed the disclosure statement on behalf of the Rowes indicating his intention to file a response to the bank's motion for summary judgment.[1] In addition, the respondent has completely disregarded this grievance proceeding. *See People v. Raubolt*, 831 P.2d 462, 464 (Colo. 1992); *Crimaldi*, 804 P.2d at 865. Given the respondent's prior suspension for similar misconduct and injury sustained by the Rowes, a meaningful period of suspension is warranted. Accordingly, we accept the hearing panel's recommendation.

### III

It is hereby ordered that Jimmie Joe Honaker be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that, prior to seeking reinstatement, the respondent shall make restitution in the amount of $400 to Jerald and Sharon Rowe, plus statutory interest from December 1, 1991, and shall also return all records or other property in his possession belonging to the Rowes. In addition, the respondent is hereby ordered to pay the costs of this proceeding in the amount of $128.76 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 500–S Dominion Plaza, 600—17th Street, Denver, Colorado 80202–5435. Should the respondent seek reinstatement, he must demonstrate by clear and convincing evidence that he is fit to practice law and that he has satisfied all of the requirements for reinstatement contained in C.R.C.P. 241.22.

---

1. The complaint filed by the assistant disciplinary counsel in this case did not charge that the respondent was practicing law while under an order of suspension or that the respondent violated C.R.C.P. 241.21(b)–(d) (steps which a lawyer must take after being suspended).