## The PEOPLE of the State of Colorado, Complainant,

v.

## Jimmie Joe HONAKER, Attorney-Respondent.

### No. 93SA250.

Supreme Court of Colorado,
En Banc.

Dec. 13, 1993.

---

338

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance by attorney-respondent.

PER CURIAM.

The respondent[1] in this attorney disciplinary proceeding was charged with ne-

1. The respondent was admitted to the bar of this court on October 4, 1966, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its

glecting a legal matter, failing to seek the lawful objectives of his client and failing to carry out a contract of employment, prejudicing or damaging a client during the course of the professional relationship, and failing to promptly pay or return client funds and property upon demand. The respondent defaulted before the hearing board and he has not appeared in this court. A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of the hearing board that the respondent be suspended from the practice of law for three years, to run concurrently with the respondent's current suspension, and that he be ordered to pay restitution and be assessed the costs of the proceeding. Without explanation, the panel modified the board's recommendation to include, as a condition of reinstatement, the requirement that the respondent undergo a medical evaluation to assist in the determination of the respondent's fitness to practice law.

We generally accept the hearing panel's recommendation. We decline to impose at this stage of the proceedings, however, the requirement of a medical evaluation as a condition of reinstatement. In addition, we order that the effective date of the respondent's three-year suspension shall be the date this opinion is issued.

I

The allegations of fact contained in the complaint were deemed admitted because of the respondent's default. C.R.C.P. 241.-13(b); *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based on the complaint, and exhibits tendered by the assistant disciplinary counsel at the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

Darrell Dotson retained the respondent in September 1990 to collect on a promissory note in default. The note was secured by a deed of trust. Dotson paid the respondent a $1,500 retainer and provided him with the original promissory note and deed of trust. The respondent never initiated a foreclosure action although asked to do so. Dotson attempted, unsuccessfully, to reach the respondent by telephone and by mail.

Because of the respondent's failure to communicate, Dotson retained another lawyer in January 1992. Dotson's new lawyer wrote several letters to the respondent requesting the return of Dotson's retainer and original documents, but the respondent did not answer the letters. An action against the respondent was therefore filed on behalf of Dotson seeking the return of the retainer and documents.

The respondent failed to answer the complaint and a default judgment was entered against him. The respondent eventually returned the documents pursuant to court order, but he has not returned the retainer.

As the hearing board concluded, the respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). Moreover, because he failed to respond to the request for investigation filed in this matter, he also violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or

---

grievance committee in these proceedings. C.R.C.P. 241.1(b). The respondent was suspended for thirty days effective July 3, 1991, because of professional misconduct, *see People v. Honaker*, 814 P.2d 785 (Colo.1991) (*Honaker I*), and was subsequently reinstated. On March 15, 1993, the respondent was again suspended, this time for one year and one day, effective April 14, 1993. *See People v. Honaker*, 847 P.2d 640 (Colo.1993) (*Honaker II*).

any part thereof in the performance of its duties constitutes ground for lawyer discipline).

## II

 The hearing panel approved the board's recommendation that the respondent be suspended for three years and be required to make restitution prior to reinstatement. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42. *See also id.* at 4.12 ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.").

 In *Honaker I*, 814 P.2d 785, this same respondent was suspended for thirty days for neglecting a legal matter and intentionally failing to prosecute a client's claim, misconduct similar to that in this case. Such prior discipline is an aggravating factor. ABA *Standards* 9.22(a). The respondent was later reinstated. We suspended the respondent again in *Honaker II*, 847 P.2d 640, for professional misconduct almost identical to that in the present case. The underlying conduct in this case occurred contemporaneously with the misconduct found in *Honaker II*, and the major part of the misconduct in this case ended prior to the order of suspension in *Honaker II* (although the misconduct continues in part since the respondent persists in failing to return the unearned retainer). Rather than treating *Honaker II* as evidence of prior discipline, therefore, the hearing board considered the underlying conduct in *Honaker II* and this case to constitute a pattern of misconduct, *see* ABA *Standards* 9.22(c). *See People v. Williams*, 845 P.2d 1150, 1152 n. 3 (Colo. 1993).

 Given the respondent's default in the present proceedings and the aggravating factors found by the board, we agree that a three-year suspension (the longest permitted by our rules, *see* C.R.C.P. 241.-7(2)) is warranted. However, several members of the court would have imposed a more severe sanction resulting in disbarment. We also agree that this suspension should run concurrently with the previous suspension. We decline, however, to make our order retroactive to the effective date of the previous suspension, as the board suggested.

In *People v. Abelman*, 804 P.2d 859 (Colo.1991), we discussed what circumstances would justify the retroactive imposition of suspension in the absence of an immediate order of suspension. These factors include "whether the conduct is part of a continuing pattern or whether there is only a single instance of misconduct; whether there is a significantly attenuated relationship between the misconduct and the practice of law; and whether the passage of time mitigates the severity of the discipline required." *Id.* at 862; *see also In re Silverman*, 113 N.J. 193, 549 A.2d 1225, 1245–46 (1988). None of the factors favoring retroactivity is satisfied in this case.

 The hearing panel modified the board's recommendation to include, as a condition of reinstatement, the requirement that the respondent undergo a medical evaluation to assist in the determination of the respondent's fitness to practice law. The panel gave no reason for the modification, however, as required by C.R.C.P. 241.-15(b). Given the absence of support for the panel's modification in the abbreviated record before us in this default proceeding, we decline, at this time, to impose the additional condition of a medical evaluation. If the respondent petitions for reinstatement, however, the disciplinary counsel may petition for such an examination if it then appears appropriate.

## III

Accordingly, it is hereby ordered that Jimmie Joe Honaker be suspended from

the practice of law for three years, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that Honaker pay the costs of this proceeding in the amount of $129.36 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202. It is further ordered that, prior to reinstatement, Honaker shall make restitution to Darrell Dotson in the amount of $1,500 plus statutory interest from September 30, 1990. Honaker shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).

---

1. The respondent was admitted to the bar of this court on October 3, 1969, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).