Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Frederic Berlin Butler, pro se.

**PER CURIAM.**

A hearing panel of the Supreme Court Grievance Committee voted to approve the findings of a hearing board that the respondent[1] had violated the Code of Professional Responsibility. The panel also approved the board's recommendation that the respondent be suspended from the practice of law for three years, pay restitution, and be assessed costs. The assistant disciplinary counsel did not except to the panel's action, and the respondent's exceptions were stricken for his failure to designate the record, and to order and file a transcript of the proceedings below. *See People v. Phelps,* 837 P.2d 755, 755 n. 1 (Colo.1992); C.R.C.P. 241.20(b)(4). We accept the panel's recommendation.

**The PEOPLE of the State of Colorado, Complainant,**

v.

**Fredric Berlin BUTLER, Attorney–Respondent.**

**No. 94SA2.**

Supreme Court of Colorado, En Banc.

June 6, 1994.

I

Based on the evidence presented at the hearing, the board found that the following facts had been established by clear and convincing evidence.

The complaining witness, Alex Cech, contracted with Cloverdale Homes, Inc. in 1979 to build a four-plex in Eagle County, Colorado. Cloverdale Homes subsequently entered into a contract with Federal Home Corporation to manufacture the Cech four-plex.

Cech hired the respondent in January 1980 to defend him when problems arose from construction of the four-plex. In February 1980 the respondent was retained by Cloverdale Homes when a dispute arose between it and Federal Home over the same four-plex. Pritchard Lumber Company supplied building materials to Federal Home. The respon-

---

1. The respondent was admitted to the bar of this court on October 4, 1968, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

dent sent Pritchard Lumber Company a letter dated February 5, 1980, specifically advising Pritchard Lumber that he represented Cloverdale Homes. Although the respondent represented both Cech and Cloverdale Homes with respect to the development of the same four-plex, the respondent failed to advise Cech that a conflict existed and did not obtain a knowing waiver of that conflict.

In 1980, Pritchard Lumber filed an action in Eagle County District Court against Federal Home, Cloverdale Homes, and Cech and his wife to enforce a mechanics' lien. The respondent asserted set-offs on behalf of the Cechs and he filed a cross-claim against Cloverdale Homes. The respondent later obtained an assignment of Cloverdale Homes' claims against Federal Home for the benefit of the Cechs, but he failed to pursue the assigned claims. Moreover, when Cloverdale Homes did not answer the Cechs' cross-claim in 1980, the respondent did not obtain a default judgment until the matter was tried in 1986, by which time Cloverdale Homes was out of business.

The respondent's sole theory of the case at trial was that Federal Home had no right to a mechanics' lien because the Cech four-plex was a modular unit. The trial court, however, had already rejected that precise argument, ruling that Federal Home did have mechanics' lien rights. The respondent did not candidly discuss the strengths and weaknesses of the case against Federal Home with Cech prior to trial. Because Cech believed that his case was so strong that he would receive money damages, he did not accept a settlement offer which called for payment to Federal Home. Given the respondent's failure to prepare the Cech case, however, there was virtually no possibility that Cech would recover anything.

The respondent failed to provide Cech with copies of the pleadings as the case progressed, did not notify him of the actual trial date until a few days before it was set to begin, and met with Cech only briefly the night before trial. Cech was the respondent's only witness at trial. Several witnesses who might have substantiated Cech's testimony were not subpoenaed or called. Since the respondent failed to prepare pretrial objec-

tions to exhibits as ordered, the trial court admitted exhibits into evidence over the respondent's trial objections. The court also struck portions of testimony because of the respondent's violation of the best evidence rule. At the conclusion of the trial in 1986, the court entered a $100,000 judgment against Cech in favor of Federal Home.

Cech was given the impression that the respondent had agreed to appeal the judgment. The respondent did not realize that his post-judgment motion to alter or amend the judgment was denied by operation of law sixty days after it was filed, see C.R.C.P. 59(j), and consequently he failed to file a timely notice of appeal. Cech retained other counsel who managed to reinstate the appeal, and the matter between Cech and Federal Home was ultimately settled.

Cech subsequently filed a legal malpractice action against the respondent and received a jury verdict in his favor against the respondent in excess of $100,000. The judgment had not been satisfied as of the date of the disciplinary hearing. Finally, the respondent either lost or destroyed some of Cech's case files between the time judgment was entered against Cech and the filing of the legal malpractice action.

The hearing board concluded, correctly, that the respondent's simultaneous representation of both Cech and Cloverdale Homes violated DR 5–105(A) (a lawyer shall decline proffered employment if the exercise of the lawyer's independent professional judgment in behalf of a client will be or is likely to be affected by the acceptance of the proffered employment, or which would be likely to involve him in representing differing interests, unless it is obvious he can represent the interests of each client, and both clients consent after full disclosure). The respondent's conduct before, during, and after the trial to enforce the mechanics' lien violated DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); and DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available

means). The respondent's neglect over this six-year period is properly considered willful. *People v. Williams*, 824 P.2d 813, 814 (Colo. 1992). Finally, the hearing board determined that the respondent's lack of preparation for the trial constituted gross negligence, contrary to C.R.C.P. 241.6(4).

## II

The hearing panel unanimously approved the board's recommendation that the respondent be suspended for three years, pay restitution by showing that the legal malpractice judgment against him has been paid prior to reinstatement, and be assessed costs. A number of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) arguably apply in this case. Standard 4.42 provides that in the absence of aggravating or mitigating circumstances, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42. *See, e.g., People v. Honaker*, 863 P.2d 337 (Colo. 1993) (failure to perform services for client and pattern of neglect of client matters causing injury to client together with default in proceedings and evidence of prior discipline warrant three-year suspension); *People v. Anderson*, 817 P.2d 1035 (Colo.1991) (attorney's misconduct in failing to respond to discovery requests, in leaving practice without properly withdrawing from cases or filing change of address, in failing to timely prepare a written judgment, and in failing to prevent dismissal of case for failure to prosecute, was mitigated by absence of a history of discipline and warranted three-year suspension); *People v. Dash*, 811 P.2d 36 (Colo. 1991) (three-year suspension was appropriate where attorney's misconduct involved an extensive and longstanding pattern of neglect and misrepresentation in client matters and grievance proceedings, but was mitigated by

emotional problems and absence of prior discipline); *People v. Bergmann*, 790 P.2d 840 (Colo.1990) (failure to file personal injury claim resulting in running of statute of limitations, warrants three-year suspension with reinstatement conditioned upon satisfaction of legal malpractice judgment).

On the other hand, disbarment is generally warranted when "(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client." ABA *Standards* 4.41. *See, e.g., People v. Williams*, 845 P.2d 1150 (Colo.1993) (disbarment warranted when lawyer neglects legal matter, fails to return client's retainer, evades service of process, fails to respond to request for investigation, and abandons practice); *People v. Southern*, 832 P.2d 946 (Colo. 1992) (lawyer disbarred for inaction in legal matters entrusted to him, for abandonment of a number of clients, and where the lawyer had been previously suspended for six months).

The hearing board concluded that the respondent's neglect, lack of preparation, and failure to abide by the district court's pretrial order caused Cech serious injury.[2] Further, the respondent has a history of prior discipline. ABA *Standards* 9.22(a) (previous disciplinary history is an aggravating factor with respect to sanctions). He received a private censure in 1985 and a letter of admonition in 1986 for violating the disciplinary rules prohibiting conflicts of interest. The respondent received a second letter of admonition in 1986 for communicating with a person represented by counsel. As the board found, the previous discipline for conflicts of interest is especially troubling since the prior misconduct occurred during the same period of time as the present misconduct.

The hearing board also found the presence of the following additional aggravating factors: a pattern of misconduct, *id.* at 9.22(c);

2. The hearing board did not explicitly determine whether the respondent's simultaneous representation of both Cech and Cloverdale Homes caused injury or potential injury to the respondent's client or clients. ABA *Standards* 4.32 provides that "[s]uspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client."

the refusal to acknowledge the wrongful nature of conduct, *id.* at 9.22(g); substantial experience in the practice of law, *id.* at 9.22(i); and indifference to making restitution, *id.* at 9.22(j). The board found no factors in mitigation.

It is a close question whether the sanction that is warranted is disbarment or a long period of suspension. The respondent's misconduct extended over a period of years and caused serious harm to his client. There is no indication in the record, however, that the respondent's misconduct extended to other clients or other cases. After reviewing the record and the board's report, we conclude that a three-year suspension together with the conditions recommended by the panel and board is appropriate. *See Bergmann,* 790 P.2d at 842–43. Nevertheless, some members of the court would have disbarred the respondent.

### III

Accordingly, it is hereby ordered that Fredric Berlin Butler be suspended from the practice of law for three years, commencing thirty days after the issuance of this opinion. Butler must undergo proceedings pursuant to C.R.C.P. 241.22(b)-(d) in order to obtain reinstatement. It is further ordered that any application for reinstatement be supported by clear and convincing evidence that the respondent has satisfied the legal malpractice judgment obtained by Alex Cech against him. It is further ordered that, prior to reinstatement, the respondent pay the costs of this proceeding in the amount of $4,177.98 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.