**The PEOPLE of the State of Colorado, Complainant,**

v.

**John T. LLOYD, Attorney-Respondent.**

**No. 84SA304.**

Supreme Court of Colorado,
En Banc.

Jan. 14, 1985.

George S. Meyer, Deputy Disciplinary Prosecutor, Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

No appearance for attorney-respondent.

DUBOFSKY, Justice.

In consolidated disciplinary proceedings, the Supreme Court Grievance Committee recommended that the respondent, John T. Lloyd, who was admitted to the practice of law in Colorado on October 2, 1973, be suspended from the practice of law for one year and one day and that he be assessed the costs of the proceedings. We approve the recommendations and order that the respondent be suspended for one year and one day.

In both proceedings, the respondent was given notice of the charges as provided in C.R.C.P. 241.25(b). Because the respondent failed to file an answer to the complaints in these proceedings, the presiding officers of the hearing boards entered orders for default under C.R.C.P. 241.13(b). Under C.R.C.P. 241.13(b), the allegations of the complaints against the respondent were deemed admitted. However, under C.R. C.P. 241.13(b), notwithstanding the entry of the orders for default, the respondent was given notice of the final hearing in the consolidated proceedings regarding the form of discipline to be imposed, and again he failed to appear. The hearing board

reviewed the pleadings, the investigator's report, and the exhibits admitted into evidence at the hearing, as required under C.R.C.P. 241.13(b), and found that the facts were established by clear and convincing evidence.

In Grievance Committee case No. 83A–56, the complainant retained the respondent in July 1982 to obtain a dissolution of marriage and paid the respondent $422.00 as the total fee. Respondent filed the initial papers in the El Paso County District Court on August 18, 1982, but thereafter, complainant heard nothing from him. After repeated efforts to locate the respondent, complainant filed a request for investigation with the Grievance Committee on January 11, 1983. A short time later the respondent provided the complainant with a current address in Fort Collins and set a final hearing date on the dissolution for June 22, 1983. When the respondent came from Fort Collins to Colorado Springs for the final hearing, he informed the complainant that she had offered to pay him an extra $100.00 to make the trip from Fort Collins, but that he would accept $50.00. The complainant never offered an additional fee to the respondent for his services. The respondent failed to respond to the request for investigation filed by the complainant with the Grievance Committee.

The respondent's conduct in case No. 83A–56 violated C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility) and C.R.C.P. 241.6(7) (failure to respond to a request from the committee), and DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(4) (conduct involving dishonesty), DR 1–102(A)(5) (conduct prejudicial to the administration of justice), DR 1–102(A)(6) (conduct that adversely reflects on fitness to practice law), DR 6–101(A)(3) (neglect of legal matter), and DR 7–101(A)(2) (failure to carry out employment contract with client).

In Grievance Committee case No. 83A–70, the complainant retained the respondent to represent her in a claim for injuries received in a fall at a Safeway store in Colorado Springs in August 1975. The respondent filed suit against Safeway Stores, Inc., in El Paso County District Court in July 1976 but because the complainant's injuries necessitated repeated surgery, he did not set the case for trial. The court notified the respondent on October 20, 1981, that the case would be dismissed for lack of prosecution unless the respondent submitted information justifying the lack of activity in the case. The respondent submitted sufficient medical reports to avoid dismissal. However, on November 26, 1982, the court again notified the respondent that the case would be dismissed for failure to prosecute and gave the respondent thirty days to answer the notice of dismissal. The respondent did not do so, and on December 28, 1982, the case was dismissed. The court denied the respondent's subsequent effort to reopen the case. The respondent then informed the complainant that there were "problems" with the case, but he failed to tell her that the case had been dismissed for lack of prosecution.

In May 1983, the complainant learned of the dismissal and retained another attorney to seek relief from the court's order of dismissal. That attorney contacted the respondent who promised to testify at the hearing on a motion for relief from the order, but the respondent failed to testify. The court denied the motion for relief. Refiling of the complainant's case is barred by the applicable statute of limitations. The complainant incurred over $100,000 in medical expenses from the fall, and it is unlikely that she will be able to recoup any of these expenses from Safeway Stores, Inc.

The respondent's conduct in case No. 83A–70 violated C.R.C.P. 241.6(1) (violation of the Code of Professional Responsibility) and DR 1–102(A)(4) (conduct involving deceit) and DR 6–101(A)(3) (neglect of a legal matter).

The respondent has received letters of admonition, dated January 30, 1978, and March 12, 1981, in unrelated matters from the Grievance Committee.

The Grievance Committee recommended that the respondent be suspended for one year and one day and that he be assessed the costs related to this proceeding. Because of the respondent's pattern of neglecting legal work for his clients and the extreme prejudice which resulted to the client whose case was dismissed due to his neglect, we approve the committee's recommendation.

Accordingly, it is ordered that the respondent be suspended from the practice of law for one year and one day. The respondent is ordered to pay costs of $160.07 to the Supreme Court Grievance Committee within six months from the date of the announcement of this opinion. The respondent's reinstatement is conditioned upon full compliance with C.R.C.P. 241.22(c) and payment of costs.