**The PEOPLE of the State of Colorado, Complainant,**

v.

**John P. AKOLT, III, Attorney–Respondent.**

**No. 91SA387.**

Supreme Court of Colorado, En Banc.

Jan. 13, 1992.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

John P. Akolt, III, Denver, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the recommendation of the hearing board that the respondent be suspended from the practice of law for thirty days for violations of the Code of Professional Responsibility. Neither the assistant disciplinary counsel nor the respondent has excepted to this recommendation. We accept the recommendation of the panel and order that the respondent be suspended for thirty days and be assessed the costs of the proceeding.

I

The respondent was admitted to the bar of this court on September 27, 1972, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.-1(b). The respondent did not answer the complaint filed by the assistant disciplinary counsel and, pursuant to the hearing board's order of default, the facts of the complaint were deemed admitted. *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based on the respondent's default, evidence tendered by the assistant disciplinary counsel, and the testimony of the complain-

ing witness and the respondent, the board found that the following facts were established by clear and convincing evidence.

On or about April 14, 1989, Clayton K. Rice, II, the complaining witness, retained the respondent to defend Super Shops, a California corporation, in a civil action arising out of an automobile accident. Rice is the in-house counsel for Super Shops, and he requested that the respondent assert a $500 counterclaim on behalf of Super Shops for interruption of its business. The respondent filed the answer, counterclaim, and a cross-claim against another defendant. The plaintiff's attorney filed a motion to dismiss or a motion for summary judgment with respect to Super Shops' counterclaim, asserting that the counterclaim was time-barred. The respondent did not reply to the plaintiff's motion to dismiss or for summary judgment. Further, he did not respond to a written offer by the plaintiff's attorney to settle the claim against Super Shops for $3,500, and the respondent failed to file a disclosure certificate that was due on November 22, 1989.

Several days before the scheduled deposition of Super Shops' driver, however, the respondent telephoned the plaintiff's counsel and accepted the $3,500 settlement offer. The respondent did not have authority from either Rice or Super Shops to settle the case for $3,500. Moreover, the respondent repeatedly failed to reply to written requests for information from Rice. Super Shops' counterclaim was dismissed on February 5, 1990, because of the respondent's inaction. Aware that a malpractice suit might be filed against him, the respondent himself paid the $3,500.

## II

The hearing board found that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); and DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client).

The hearing panel unanimously approved the board's recommendation that the respondent be suspended from the practice of law for thirty days. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *ABA Standards* 4.42. The hearing board found the following aggravating factors to be present: (1) refusal to acknowledge the wrongful nature of conduct, *ABA Standards* 9.22(g); and (2) substantial experience in the practice of law, *ABA Standards* 9.22(i).

The recommendation of the grievance committee concerning discipline is only advisory and this court has the independent responsibility to determine appropriate discipline. *People v. Flores*, 772 P.2d 610, 614 (Colo.1989). If the respondent had displayed a pattern of misconduct with respect to other client matters, or had a history of discipline, or if actual harm to the client had been proved, we would reject the recommended thirty day suspension as too lenient. *See, e.g., People v. Bergmann*, 790 P.2d 840 (Colo.1990) (failure to file personal injury claim on behalf of clients which results in running of statute of limitations warrants three-year suspension); *People v. Yaklich*, 744 P.2d 504 (Colo.1987) (neglect of important matter and failure to carry out client's objective warrants two-year suspension); *People v. Lloyd*, 696 P.2d 249 (Colo.1985) (pattern of neglecting legal work for clients warrants suspension for one year and one day).

■ The respondent, however, has no prior history of discipline in almost twenty years of practice. After considering the seriousness of the misconduct, and mindful that our primary duty in attorney discipline matters is the protection of the public, we conclude that a thirty-day suspension is warranted. [One member of the court, however, would impose more severe discipline.] Accordingly, we accept the recommendation of the hearing panel.

## III

It is hereby ordered that John P. Akolt, III, be suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. C.R.C.P. 241.-21(a). It is further ordered that Akolt pay the costs of this proceeding in the amount of $755.07 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

ROVIRA, C.J., does not participate.