**The PEOPLE of the State of Colorado, Complainant,**

v.

**Alfonso S. CABRAL, Attorney–Respondent.**

**No. 94SA437.**

Supreme Court of Colorado,
En Banc.

Jan. 17, 1995.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Asst. Disciplinary Counsel, Denver, for complainant.

Alfonso S. Cabral, pro se.

PER CURIAM.

The assistant disciplinary counsel and the respondent[1] entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. The stipulation recommended the imposition of either a private or public censure. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation, and recommended that the respondent receive a public censure.

We accept the stipulation and the inquiry panel's recommendation.

I.

According to Count I of the stipulation, the respondent was hired to represent a client in connection with a pending driving under the influence charge. The respondent and the client agreed to a flat fee of $500, but did not execute a written fee agreement. The client told the respondent that he had a motor vehicle hearing scheduled on September 9, 1991. The respondent, however, failed to appear at the hearing, and the client's driver's license was revoked for three months. The respondent states that, given the circumstances of the client's D.U.I. arrest, the client's chance for retaining the license was slim. The assistant disciplinary counsel apparently agrees that any harm caused by the respondent's failure to appear at the motor vehicle hearing "is speculative at best."

On December 5, 1991, the respondent and client appeared in court for a hearing on the D.U.I. matter. The charges against the client were dismissed in exchange for the client's guilty plea to driving while ability impaired. Sentencing was set for February 25, 1992. When the respondent did not appear for the sentencing, the client waived the respondent's presence and was sentenced to six months probation, assessed a fine and costs, and was required to perform community service and to attend Level II alcohol education. The respondent indicates in the stipulation that his failure to appear at the sentencing hearing arose from a scheduling conflict, and that his client received the minimum sentence at the hearing in conformity with the recommendation of the probation department. The assistant disciplinary counsel confirms that any harm caused by the respondent's non-appearance is "speculative." After the request for investigation was filed, the respondent refunded the total amount paid to him by the client, $300.00.

The respondent has stipulated that his failure to appear at the two hearings violated DR 1–102(A)(5) (a lawyer shall not engage in

---

1. The respondent was admitted to the bar of this court on April 27, 1989, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

conduct prejudicial to the administration of justice); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship).

## II.

Count II of the stipulation recites that the respondent was retained by another client to recover the client's purse and $500 cash that the client had in her possession when she was arrested. The respondent, however, failed to attend a hearing on the matter on May 18, 1992. The motion for return of the client's property was not rescheduled for a hearing until December 8, 1992. This hearing was canceled when the district attorney agreed to stipulate to the return of the purse and money. The respondent did not send the written stipulation to the district attorney until April 7, 1993. It was then filed with the court and an order issued April 9, 1993, for the return of the client's property. The respondent's client has indicated that, under the circumstances, she was not concerned with the time delay in obtaining the return of her property.

The respondent admitted that his conduct again violated DR 6–101(A)(3) (neglect of a legal matter), and DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice). On and after January 1, 1993, the effective date of the Rules of Professional Conduct, the respondent violated R.P.C. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client, and shall not neglect a legal matter entrusted to the lawyer).

## III.

In approving the stipulation, the inquiry panel recommended that the respondent receive a public censure. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that in the absence of aggravating or mitigating circumstances, a private censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client." *Id.* at 4.44. On the other hand, a public censure "is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding." *Id.* at 6.23.

The parties state that the following factors are present in mitigation: the absence of a dishonest or selfish motive, *id.* at 9.32(b); full and free disclosure to the disciplinary board or a cooperative attitude toward the proceedings, *id.* at 9.32(e); remorse, *id.* at 9.32(*l*); and inexperience in the practice of law, *id.* at 9.32(f). The majority of the respondent's misconduct occurred within three years following his admission to the bar.

In aggravation, there is a pattern of misconduct, *id.* at 9.22(c); and multiple offenses, *id.* at 9.22(d). An additional and more serious aggravating factor, however, is that the respondent has been the subject of prior discipline. *Id.* at 9.22(a). The respondent received an admonition in 1991 and a private censure in 1992. Because of this prior discipline, private discipline is inadequate. *People v. Bergner*, 873 P.2d 726, 727–28 (Colo. 1994). Public discipline is appropriate when it cannot be assumed that repetition of the misconduct is unlikely:

A private censure, because it does not inform the public about a lawyer's misconduct, "should be used only when the lawyer is negligent, when the ethical violation results in little or no injury to a client, the public, the legal system, or the profession, and when there is little or no likelihood of repetition." ABA Standards 2.6 (commentary).

*People v. Smith*, 769. P.2d 1078, 1080 (Colo. 1989). Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the inquiry panel's recommendation. Some members of the court, however, would have rejected the stipulation

and returned the case to the grievance committee for further proceedings.

### IV.

It is hereby ordered that Alfonso S. Cabral be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $49.02 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.