The PEOPLE of the State of
Colorado, Complainant,

v.

Timothy Joseph ESSLING,
Attorney-Respondent.

No. 94SA409.

Supreme Court of Colorado,
En Banc.

April 24, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Timothy Joseph Essling, Denver, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the hearing board's findings and recommendation that the respondent [1] receive a public censure for neglecting a legal matter entrusted to him. The assistant disciplinary counsel did not except to the panel's action, and the respondent's exceptions were stricken because he did not file a designation of record as required under C.R.C.P. 241.20(b)(4). *People v. Butler,* 875 P.2d 219, 219 (Colo.1994). We accept the recommendation of the hearing panel and order that the respondent be pub-

licly censured and assessed the costs of the proceeding.

I

Because no transcript of the testimony at the hearing has been filed in this court, we treat the record as supporting the board's factual findings, and the findings are binding on review. *People v. Podoll,* 855 P.2d 1389, 1390 n. 1 (Colo.1993). Based on the evidence presented at the hearing, the board found that the following facts had been established by clear and convincing evidence.

A dissolution of marriage client retained the respondent in January 1992. On May 21, 1992, opposing counsel sent the respondent interrogatories, requests for production, and requests for admission. The primary issue raised by the requests for admission concerned whether $2,000 which the client had taken from the family home should be paid to the client's wife's credit union, or whether it belonged to the client. The respondent experienced difficulty in obtaining his client's responses to the discovery requests, and told the board that he believed that at least some of his client's responses were false. In any event, at the time of the permanent orders hearing on September 17, 1992, the discovery responses had not been submitted to opposing counsel. As a result, the district court precluded the respondent's client from asserting his claims to the $2,000 and to the family residence.

Even assuming that the respondent's client's responses to the discovery requests were false, the respondent still had ample time to withdraw from the representation as found by the hearing board. The board therefore determined, correctly, that "[t]he respondent's absolute failure to take any action on behalf of [his client], his failure to discuss his strategy with [the client], and his failure to seek an appropriate resolution to his alleged dilemma constitutes neglect of a legal matter, a violation of DR 6–101(A)(3)." Moreover, the board concluded that the re-

---

1. The respondent was admitted to the bar of this court on May 25, 1983, is registered as an attorney upon the official records of this court, and is accordingly subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

spondent's neglect caused at least potential injury to the client.

## II

The hearing panel approved the board's recommendation that the respondent receive a public censure. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provide that in the absence of aggravating or mitigating factors, public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43.

The board noted the presence of factors in mitigation. During the time period of the neglect in this case, the respondent's parents died, and a dispute arose over their estates. *Id.* at 9.32(c) (the presence of personal or emotional problems is a mitigating factor). In addition, the respondent did not have a selfish or dishonest motive. *Id.* at 9.32(b).

The factors in aggravation, however, require the imposition of public discipline in this case. The respondent has prior discipline. *Id.* at 9.22(a) (previous discipline is an aggravating factor). He received a private censure in 1991 because of his repeated failures to file and timely handle a client's personal bankruptcy proceeding. The presence of prior discipline renders a private sanction inadequate. *People v. Cabral*, 888 P.2d 245, 247 (Colo.1995). Further, there was evidence of a pattern of misconduct, *id.* at 9.22(c); and the respondent did not cooperate in the disciplinary proceedings below, *id.* at 9.22(e). Accordingly, we accept the hearing panel's recommendation. One member of the court, however, would have imposed more serious discipline.

## III

It is hereby ordered that Timothy Joseph Essling be publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $687.04 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

