Richard I. Gonzalez, Colorado Springs, pro se.

**The PEOPLE of the State of Colorado, Complainant,**

v.

**Richard I. GONZALEZ, Attorney–Respondent.**

**No. 97SA17.**

Supreme Court of Colorado.
En Banc.

March 10, 1997.

PER CURIAM.

The respondent and the assistant disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. The parties agreed in the conditional admission to the imposition of a public censure. An inquiry panel of the supreme court grievance committee approved the conditional admission. We accept the conditional admission and publicly censure the respondent.

## I.

The respondent was admitted to practice law in Colorado in 1984. The conditional admission provides as follows.

## A.

On February 22, 1995, the respondent was hired by a client to represent him in a criminal case in El Paso County District Court. The parties entered into a fee agreement whereby the client was to pay $3,000 over three months. However, the client paid a lesser amount of $900.

The client failed to appear at the first scheduled hearing on February 28, 1995, so it

was reset for March 21. The client again failed to appear and the hearing was reset for April 14, 1995. On April 14, the client appeared but the respondent did not, the court reset the hearing for May 12, 1995. The respondent's client was half an hour late on May 12, so the matter was reset for August 14, 1995.

The respondent filed a motion to withdraw on July 29, 1995, citing lack of communication with his client. During the time set for the August 14 hearing, the court granted respondent's motion to withdraw and, because the client failed to appear, issued a warrant for the client's arrest. Three days later, the client was arrested on the bench warrant. When the client's mother paid the respondent an additional $500, respondent reentered the case and told client's mother that he would appear at the next hearing on August 29.

Nevertheless, the respondent did not appear timely at the August 29 hearing and arrived thirty minutes after his client's case was called. He did not bring the client's file with him and had no notes or prior recollection of any plea bargain offers or his client's past criminal history. The matter was set for a jury trial on November 20, 1995. However, the client hired another lawyer who was immediately able to obtain a favorable plea bargain on the client's behalf. In late January 1996, the respondent refunded the $500 paid by the client's mother.

As he has admitted, the respondent's conduct violated R.P.C. 1.3 (neglecting a legal matter entrusted to the lawyer), and R.P.C. 8.4(d) (engaging in conduct that is prejudicial to the administration of justice).

## B.

Dr. Donald J. Rommes was a co-owner of a townhome which was for sale. While the townhome was on the market, Dr. Rommes entered into a month-to-month lease agreement with certain tenants. In June 1995, Dr. Rommes entered into a contract to sell the townhome and gave the tenants a fourteen day notice to vacate pursuant to the lease agreement. The closing on the townhome was scheduled for July 3, 1995. In response to the notice to vacate, the tenants stopped payment on the June rent check and refused to leave. Dr. Rommes hired a lawyer to represent him and the tenants subsequently were served with a notice of eviction. The tenants retained the respondent.

The parties met in county court on July 6, 1995. Pursuant to respondent's request, the county court judge scheduled a hearing for 8:00 a.m. the next day. Respondent failed to appear; however, Dr. Rommes and his lawyer were present. The county court judge heard the case as scheduled and issued an order granting Dr. Rommes possession of the townhome. A hearing on damages was ultimately set for July 26, 1995. The respondent did not appear at that hearing as well. The county court judge entered judgment in favor of Dr. Rommes and awarded damages against respondent's clients for rent, court costs, and attorney fees. This judgment had not been satisfied by the date of the conditional admission.

Meanwhile, on July 6, 1995, the respondent filed a complaint in county court entitled, "Money Demand Complaint." The complaint named Dr. Rommes's lawyer as the defendant, and alleged in part that the lawyer had violated the Fair Debt Collection Practices Act on July 12, 1995. Despite the discrepancy as to the date, the complaint alleged Dr. Rommes's lawyer acted improperly. Later, the respondent learned that the factual allegations of his complaint did not constitute a violation of the Act. Nonetheless, the respondent did not dismiss the complaint. The case against the lawyer was set for trial on May 13, 1996. The lawyer and his counsel appeared on the day of trial. The respondent also appeared and filed a motion to dismiss the complaint with prejudice, which was granted.

The respondent stipulated that his conduct violated R.P.C. 8.4(d) (engaging in conduct that is prejudicial to the administration of justice), and R.P.C. 8.4(h) (engaging in con-

**1308** 

duct that adversely reflects on the lawyer's fitness to practice law).

## II.

The inquiry panel approved the conditional admission including the recommendation of public censure. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of aggravating or mitigating circumstances, a public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." ABA *Standards* 4.43. The parties stipulated that in the criminal case the respondent's client was not actually harmed although the potential for injury was present.

In addition, a public censure is "generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding." *Id.* at 6.23. The assistant disciplinary counsel indicates that the respondent caused no actual harm in the Rommes matter except for inconvenience to Dr. Rommes's lawyer because the action against him was not dismissed until the day of trial.

With respect to mitigating factors, the parties stipulated that the respondent has no previous discipline in twelve years of practice, *id.* at 9.32(a); made restitution to his client's mother in the criminal case, *id.* at 9.32(d); and has cooperated in these discipline proceedings, *id.* at 9.32(e). In aggravation, the stipulated facts indicate a pattern of misconduct, *id.* at 9.22(c); there are multiple offenses, *id.* at 9.22(d); and the respondent has substantial experience in the practice of law, *id.* at 9.22(i).

Considering the nature of the misconduct together with the factors in aggravation and mitigation, we conclude that a public censure is appropriate. *See, e.g., People v. Cabral,* 888 P.2d 245, 246–47 (Colo.1995) (lawyer who failed to appear at court hearings in DUI matter and in a separate action to recover a client's property was publicly censured). Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III.

The respondent, Richard I. Gonzalez, is hereby publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $47.82 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.